

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

This Opinion
Overrules Opinion
# of former adm...

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5403
Re: Fees for filing annual
statements of local mu-
tual aid associations.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"We invite your attention to letter opinion rendered under date of February 1, 1932 by Attorney General James V. Allred through Assistant Sidney Benbow to Honorable Moore Lynn, State Auditor, wherein it was held that under Article 3920, as then amended, Article 4875a, section 31, had been repealed by implication insofar as such section provided for a filing fee of only $5 for filing the annual statement of a local mutual aid association, and that under Article 3920, as amended, such an association should be charged $20 for filing its annual statement.

"We have been unable to locate any later or other Attorney General's opinion upon the point.

"We find that this Department has always charged such local mutual aid associations only $5. Will you review this question and advise us what fee we should charge for such service at the present time?"

Article 4875a-31, found in Chapter 9A, Title 78, of Vernon's Annotated Texas Civil Statutes, prescribing certain

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Fees with reference to local mutual aid associations, enacted in 1929 by the 41st Legislature of Texas, provides:

"For filing Articles of association and approval of constitution, by-laws and certificates prior to organization, the Board shall charge a filing fee of twenty ($20.00) dollars for filing of each annual report it shall charge a fee of five ($5.00) dollars, and it shall also charge a fee of one ($1.00) dollar for issuance of a certificate of authority to do business, which amount shall be paid into the general fund. Article 4859, 4859-A, 4859-B, 4859-C and 4859-D of the Revised Civil Statutes of Texas, 1925, is hereby repealed and all laws and parts of laws in conflict herewith. Acts 1929, 41st Leg., p. 563, ch. 274, § 31."

Article 3920, found in Chapter 2, Title 61, Fees of Office, Vernon's Annotated Texas Civil Statutes, as amended by the Acts of the 46th Legislature of Texas, in 1939, reads in part as follows:

"The Board of Insurance Commissioners shall charge and receive for the use of the State the following fees:

"* . . . .

"For filing the annual statement of an insurance company, or certificate in lieu thereof -- $20.00 . . . . . As amended Acts 1931, 42nd Leg., p. 252, ch. 152, § 1; Acts 1939, 46th Leg., p.384, § 1."

Your question requires the construction of Articles 3920 and 4875a-31. The legislative history of these statutes is therefore highly pertinent. Article 3920 as a part of the Revised Civil Statutes of 1925, provided, among other things, that the Board of Insurance Commissioners should charge a fee of $20.00 for filing the annual statement of an insurance company or certificate in lieu thereof. Article 4875a-31, was

Honorable O. P. Lockhart, page 3

enacted in 1929 as a part of Senate Bill 220, 41st Legislature of Texas, and specifically provided that the fee for filing annual reports of local mutual aid associations with the Board of Insurance Commissioners was $5.00. We hold that Article 4875a-31 repealed by implication Article 3920, R.C.S., 1925, with respect to the amount of fee the Board could charge or collect from a local mutual aid association for filing an annual report. Thus after the passage of Article 4875a-31 in 1929, the legal and proper fee for filing an annual report of a local mutual aid association was $5.00. Article 3920 was amended in 1931 by Senate Bill 83 of the 42nd Legislature of Texas, with respect to certain provisions dealing with examination of insurance companies, however the provision for the charging of a fee of $20.00 for filing the annual statement of an insurance company, or certificate in lieu thereof was not changed at all but was merely carried forward and re-enacted. Article 3920 was again amended in 1939 by the 46th Legislature of Texas by Senate Bill 404, with respect to providing for the appropriation of the fees received under the act for the purpose of paying certain salaries and expenses of the Insurance Commission. No change was made with respect to the $20.00 filing fee above described but same was merely carried forward and re-enacted.

We think the following rules of statutory construction are pertinent and applicable to your question. We quote from Lewis' Sutherland Statutory Construction, pages 441-2-3-4, 524-5-6, as follows:

"The constitutional provision requiring amendments to be made by setting out the whole section as amended was not intended to make any different rule as to the effect of such amendments. So far as the section is changed it must receive a new operation, but so far as it is not changed it would be dangerous to hold that the mere nominal re-enactment should have the effect of disturbing the whole body of statutes in pari materia which had been passed since the first enactment. There must be something in the nature of the new legislation to show such an intent with reasonable clearness before an implied repeal can be recognized. 'By

observing the constitutional form of amending a section of a statute,' says the court in one case, 'the legislature does not express an intention then to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience.'

"The amendment operates to repeal all of the section amended not embraced in the amended form. The portions of the amended sections which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along; and the new parts or the changed portions are not to be taken to have been the law at any time prior to the passage of the amended act. The change takes effect prospectively according to the general rule. . . . . A repeal of that act would not revive the provisions as originally enacted. On the contrary, a repeal of the amendatory act would be a repeal of the provisions therein continued in force from the original act.

" . . . . Where a proviso is added to a section by amendment it will be strictly construed and will be applied only to that section, unless a contrary intent is clear." (Emphasis added)

"Repeal and re-enactment -- Effect of re-enactment or intermediate acts.--This subject has already been considered to some extent in a former chapter. Where an act is amended or revised, and the former act expressly or by implication repealed, such provisions of the old law as are substantially re-enacted are deemed to be continuous. 'A later law which is merely a re-enactment of a former does not repeal an intermediate act which has qualified or limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or

modify the new act in the same manner as it did the first.' This is especially true if the intermediate law is special or particular and the re-enacted law is a general law on the same subject. Where a law is amended and re-enacted as amended, any intermediate law inconsistent with the new matter introduced, or change made by the amendment, will be repealed. Where a law is substantially re-enacted it is said to show that the legislature did not regard it as repugnant to an intermediate act to some extent covering the same subject. A town charter granted in 1857 forbade the sale of liquor. An amendment made in 1859 gave power to license its sale. In 1870 the charter of 1857 was re-enacted and the limits of the town extended. This was held not to repeal the act of 1859, but to be a mere declaration that the act of 1857 was still in force, and related back to the time of its original passage. Section 5 of an act of Nevada of 1885 in regard to the compensation of county officers fixed the compensation of the county officers of Elk county, giving the sheriff certain fees, the district attorney a salary of $2,000 and the superintendent of schools a salary of $600. February 23, 1887, an act was passed to consolidate certain county offices, which provided that district attorneys should be ex officio superintendents of schools without additional compensation. On March 5, 1887, section 5 of the act of 1885 was amended so as to give the sheriff of Elk county a salary of $4,000, in lieu of fees, and the section re-enacted including the salary of $600 for the superintendent of schools. It was held that the only object of the act of 1887 was to change the compensation of the sheriff to a salary, that it did not repeal or affect the act of February, 1887, and that the district attorney was not entitled to the salary of $600 as ex officio superintendent of schools." (Emphasis supplied)

Honorable O. P. Lockhart, page 6

It is our opinion that Article 4875a-31, enacted in 1929, repealed Article 3920, R.C.S., 1925, with respect to fees for filing annual reports of local mutual aid associations. It is our further opinion that it was not the intention of the 42nd Legislature of Texas in 1931 to repeal the provisions of Article 4875a-31 in their re-enactment and amendment of Article 3920. It is our further opinion that it was not the intention of the 46th Legislature of Texas in 1939 to repeal such provisions of Article 4875a-31 in their re-enactment and amendment of Article 3920.

It is therefore our opinion that the proper and legal filing fee for filing the annual report of a local mutual aid association with the Board of Insurance Commissioners is $5.00.

We hereby specifically overrule, insofar as it conflicts herein, the opinion to the contrary referred to in your letter, written by Hon. Sidney Benbow, Assistant Attorney General, addressed to Hon. Moore Lynn, State Auditor and Efficiency Expert, dated February 1st, 1932, and recorded in Vol. 330, pages 699, 700-1-2-3, letter opinions of the Attorney General of Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

WJF:ff

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN